ARK292 Doe v Archdiocese of N.Y. (2025 NY Slip Op 05623)

ARK292 Doe v Archdiocese of N.Y.

2025 NY Slip Op 05623

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet, J.P., Moulton, González, Rosado, Chan, JJ.

Index No. 950344/20, 950063/19, 950167/20, 950175/20, 951194/21, 950238/19, 950203/20, 950305/20|Appeal No. 4937|Case No. 2025-00024|

[*1]ARK292 Doe, Plaintiff-Respondent,

v

Archdiocese of New York, Defendant-Appellant, St. Mary's et al., Defendants.

ARK77 Doe, Plaintiff-Respondent,

v

Archdiocese of New York, Defendant-Appellant, St. Denis, also known as the Church of St. Denis, et al., Defendants.

ARK 171 Doe, Plaintiff-Respondent,

v

Archdiocese of New York, Defendant-Appellant, St. Denis, also known as the Church of St. Denis, et al., Defendants.

ARK207 Doe, Plaintiff-Respondent,

v

Archdiocese of New York, Defendant-Appellant, St. Mary's et al., Defendants.

B.F., Plaintiff-Respondent,

v

Archdiocese of New York, Defendant-Appellant, Immaculate Conception & Assumption of Our Lady Parish, etc., et al., Defendants.

J.W., Plaintiff-Respondent,

v

Archdiocese of New York, Defendant-Appellant, Church of St. Mary, Defendant.

PC-4 Doe, Plaintiff-Respondent,

v

The Archdiocese of New York, Defendant-Appellant, Church of St. Eugene et al., Defendants.

Raymond Davidowski, Plaintiff-Respondent,

v

The Archdiocese of New York, Defendant-Appellant. Immaculate conception et al., Defendants.

Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for appellant.

Herman Law, New York (Daniel Ellis of counsel), for B.F. and J.W. respondents.

Jeff Anderson & Associates PA, New York (Trusha Goffe of counsel), for ARK292 Doe, ARK77 Doe, ARK 171 Doe and ARK 207 Doe, respondents.

Slater Slater Schulman, LLP, Melville (Stephenie Bross of counsel), for Raymond Davidowski, respondent.

Phillips & Paolicelli, New York (Michael McConnell of counsel), for PC-4 Doe respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about December 5, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Archdiocese of New York's (the Archdiocese) motion for a protective order, unanimously affirmed, without costs.

In these consolidated Child Victims Act cases, plaintiffs each allege that they were sexually abused by the same priest. Supreme Court providently exercised its discretion in denying the Archdiocese's motion for a protective order and directing disclosure of the documents sought (see J.L. v Archdiocese of N.Y., 236 AD3d 569, 569 [1st Dept 2025]). As the court found, plaintiffs' discovery demands are reasonably calculated to lead to the discovery of evidence bearing upon whether the Archdiocese knew or should have known of the danger the priest posed and whether the Archdiocese acted reasonably to protect children from sexual abuse (see id.).

The Tribunal File sought by plaintiffs is discoverable because information concerning the alleged subsequent bad acts by the priest and subsequent remedial or corrective measures taken by the Archdiocese is "likely to contain material and necessary information as to the claims as issue" (McNierney v Archdiocese of N.Y., 221 AD3d 489, 489 [1st Dept 2023]; see also J.L. v Archdiocese of N.Y., 236 AD3d at 569; J.L. v Roman Catholic Archdiocese of N.Y., 222 AD3d 483, 484 [1st Dept 2023]). Further, "[t]he Archdiocese did not demonstrate that the information sought" in the Tribunal File "implicated Canon Law or sacramental issues as might give rise to a First Amendment issue" (McNierney,221 AD3d at 489).

The Independent Reconciliation and Compensation Program (IRCP) files regarding the priest are also discoverable (see T.B. v Roman Catholic Archdiocese of N.Y., 237 AD3d 529, 529-530 [1st Dept 2025]; J.L., 236 AD3d at 569-570). As this Court has previously found, the disclosure of IRCP files, regardless of when created or gathered, is appropriate as they may "provide information about 'the Archdiocese's response to child abuse claims during that time frame and whether there was a patterned response'" (J.L., 236 AD3d at 570, quoting McNierney, 221 AD3d at 489).

Contrary to the Archdiocese's argument, the admissibility of the documents sought has no bearing on whether the information is discoverable (see J.L., 236 AD3d at 570).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 14, 2025